UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-325-GWU

RAYMOND L. UMBAUGH, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

    Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

  Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

07-325  Raymond L. Umbaugh

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

07-325  Raymond L. Umbaugh

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Raymond L. Umbaugh, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of thoracic paraspinal muscle pain, cervicalgia, degenerative disc disease of the cervical spine, coronary artery disease (status post coronary artery bypass surgery), diabetes, hypertension, and gout. (Tr. 22). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Umbaugh retained the residual functional capacity to return to his past relevant work as a salesman, and therefore was not disabled. (Tr. 22-4). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the VE testified that several of Mr. Umbaugh's previous jobs were performed at the "light" or "sedentary" level. (Tr. 311). The ALJ asked the VE whether a person of the plaintiff's age of 59, high school education, and skilled work experience could perform any jobs if he were limited to "medium"

level exertion and could occasionally climb ladders, ropes, and scaffolds. (Tr. 310-12). The VE responded that the plaintiff had skills that would transfer to some light and sedentary jobs, and in the alternative, there were other jobs that such a person could perform, and proceeded to list the numbers in which they existed in the state and national economies. (Tr. 312).[1]

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff alleged disability due to pain in his back and right hip, which made it impossible for him to sit or stand for long periods of time, or walk for long distances. (Tr. 69).

Medical evidence in the transcript establishes that he was involved in two motor vehicle accidents involving whiplash-type neck injuries. (Tr. 109, 126, 243, 254, 273). After the most recent accident, in March, 2006, a CT scan of the cervical spine, while showing no fractures or dislocations, was read as showing severe multilevel degenerative spondylosis as well as suspected central canal stenosis. (Tr. 260). Previously, a CT scan after the first motor vehicle accident, in July, 2004, had shown only diffuse spondylitic changes. (Tr. 109). In any case, the only source

---

[1] The plaintiff's testimony was that he performed his jobs at a heavier level of exertion than would normally be the case. (Tr. 297-9). The VE initially testified that the plaintiff performed his job at a heavier level, but then, apparently mistakenly, said "lighter." (Tr. 311).

07-325  Raymond L. Umbaugh

to give an opinion following the second motor vehicle accident was the plaintiff's chiropractor, C.B. McNevin, who also referred to further x-ray studies showing lumbar spondylolisthesis.  (Tr. 273).  He noted that Mr. Umbaugh received only temporary relief from one to two chiropractic treatments per week, and, in McNevin's opinion, was "totally disabled due to his spinal injuries and other conditions."  (Id.).  Although a chiropractor is not an acceptable source under 20 C.F.R. § 404.1513, they are considered "other sources" who can provide information about a claimant's condition.  The ALJ considered McNevin's opinion but rejected it as speculative.  (Tr. 21).

The ALJ accepted the restrictions by a previous state agency reviewing physician, Dr. Allen Dawson, who had opined in 2005, prior to the second motor vehicle accident, that Mr. Umbaugh was capable of "medium" level exertion and occasional climbing of ladders, ropes, and scaffolds.  (Tr. 153-9).  Apart from the fact that Dr. Dawson did not have the entire record available for review, the persuasiveness of his conclusions is further undermined by the fact that his rationale is simply stated as being based on a prior physical assessment of September 1, 2004 by another state agency physician.  (Tr. 153).  While there is another physical residual functional assessment in the court transcript, it is both unsigned and undated.  (Tr. 143-50).

The plaintiff argues on appeal that the ALJ performed an improper credibility assessment, noting that the ALJ appeared to reject the plaintiff's complaints of constant, severe pain based only on a comparison of his testimony with the medical evidence.  This claim appears to be correct.  (Tr. 22-3).

Although an ALJ's credibility findings are entitled to great deference, see, e.g., Hardaway, 823 F.2d at 928, the Commissioner has established detailed standards in his regulations and Social Security Ruling (SSR) 96-7p which an ALJ must follow to assess a claimant's credibility.

SSR 96-7p states that where, as here, an underlying medical impairment that can reasonably be expected to produce the individual's pain or other symptoms has been shown, but the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective evidence, the adjudicator must make his credibility finding "based on a consideration of the entire case record." Id., p. 2.  The factors to be considered include such items as the individual's daily activities, the location, duration, frequency, and intensity of pain, precipitating and aggravating factors, the type, dosage, effectiveness, and side effects of medication taken, treatment other than medication received for relief of pain, and any measures the individual uses or has used to relieve pain or other symptoms. 20 C.F.R. § 404.929(c)(3). By use of the Duncan case, supra, "[t]he Sixth Circuit has enunciated this basic standard in a

more succinct form." Felisky v. Bowen, 35 F.3d 1027, 1038 (6th Cir. 1994). The Felisky court emphasized that an opinion explicitly finding only that the content of the medical record was insufficient to support subjective complaints does not fulfill the ALJ's duty under the Commissioner's regulations. Id. at 1039, citing 20 C.F.R. § 404.1529(c)(2)("however, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). The Sixth Circuit noted that the ALJ is required to consider the other factors as set out in § 404.929(c)(3).

In the present case, the ALJ discussed the plaintiff's subjective complaints of neck, hip, and back pain from which he reportedly received little relief from medications, physical therapy, massage, and chiropractic treatment. (Tr. 20-1). The ALJ proceeded to review the medical evidence, and concluded that there were no medical records suggesting injuries that would result in total disability. (Tr. 22). The ALJ then stated that "I have considered the claimant's subjective complaints of pain in light of Social Security Ruling 96-7p. For the reasons stated above the claimant's allegation of totally disabling pain is not fully credible." (Tr. 23). Given its placement in the ALJ's decision, the phrase "reasons stated above" can only refer to the medical evidence. There is no discussion in the decision of other factors such as daily activities, medication, and treatment other than medications.

11

07-325  Raymond L. Umbaugh

Accordingly, the administrative decision clearly does not represent a correct credibility analysis because, as in Felisky, it "explicitly finds only the content of the medical record insufficient to support" the plaintiff's claims. Id. at 1039. Therefore, a remand will be required on this issue.[2]

The plaintiff's other issue on appeal is that the ALJ did not properly consider his impairments in combination. However, the ALJ recognized that the plaintiff had multiple "severe" impairments and referred to his "limitations," which appears to satisfy his duty in this regard. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).

The decision will be remanded for further consideration.

This the 30th day of June, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge

---

[2] Although the ALJ found that the plaintiff could return to some of his past relevant work, this conclusion would not be correct if his subjective complaints were found to be credible.